## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| QUIANA MOUZONE<br>1001 W. Girard Avenue, Apt. 306 J<br>Philadelphia PA 19123<br><br>*Plaintiff*,<br><br>v.<br><br>UNIVERSITY OF PENNSYLVANIA<br>HEALTH SYSTEM<br>3451 Walnut Street<br>Philadelphia, PA 19104<br>   and<br>THE TRUSTEES OF THE UNIVERSITY<br>OF PENNSYLVANIA d/b/a<br>Penn Medicine<br>3451 Walnut Street<br>Philadelphia, PA 19104<br><br>*Defendants*. | CIVIL ACTION<br><br><br>No.: _____<br><br><br>**JURY TRIAL DEMANDED** |

### CIVIL ACTION COMPLAINT

Plaintiff, Quiana Mouzone, by and through her undersigned counsel, hereby avers as follows:

### I.     INTRODUCTION

1.     Plaintiff has initiated this action to redress violations by University of Pennsylvania Health System and The Trustees of the University of Pennsylvania d/b/a Penn Medicine ("Defendants," if referred to collectively) of the Americans with Disabilities Act ("ADA" – 42 U.S.C. §§ 12101 *et. seq.*), Pennsylvania common law (workers' compensation

retaliation) and the Philadelphia Fair Practice Ordinance ("PFPO").[1] Plaintiff was unlawfully terminated by Defendants, and she suffered damages more fully described/sought herein.

## II. JURISDICTION AND VENUE

2. This Court, in accordance with 28 U.S.C. § 1331, has jurisdiction over Plaintiff's claims because this civil action arises under laws of the United States.

3. This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington,* 326 U.S. 310 (1945) and its progeny.

4. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district, and in addition, Defendants are deemed to reside where they are subject to personal jurisdiction, rendering Defendants residents of the Eastern District of Pennsylvania.

5. Plaintiff is proceeding herein under ADA and has properly exhausted her administrative remedies with respect to such claims by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and by filing the instant lawsuit within ninety (90) days of receiving a notice of dismissal and/or right to sue letter from the EEOC.

## III. PARTIES

6. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

---

[1] Plaintiff intends to amend her instant lawsuit to include claims under the PHRA and PFPO once her administrative remedies are fully exhausted with the respective agencies.

7. Plaintiff is an adult individual, with an address as set forth in the caption.

8. Defendant University of Pennsylvania Health System operates hospitals located in Philadelphia, PA.

9. Defendant The Trustees of the University of Pennsylvania d/b/a Penn Medicine is the parent organization which oversees and operates multiple hospitals in the greater Philadelphia area.

10. Upon information and belief, because of their interrelation of operations, common ownership or management, centralized control of labor relations, common ownership or financial controls, and other factors, Defendants are sufficiently interrelated and integrated in their activities, labor relations, ownership and management that they may be treated as Plaintiff's single, integrated, and/or joint employer for purposes of the instant action.

11. At all times relevant herein, Defendants acted by and through their agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## IV.   FACTUAL BACKGROUND

12. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

13. Plaintiff was employed with Defendants from on or about November 26, 2018 until on or about August 22, 2022 (a period of almost 4 years).

14. Plaintiff worked as a housekeeper and her immediate manager was John Harrell, who reported to Scott Fox.

15. Plaintiff was deemed based out of Defendants' location at 3451 Walnut Street, in Philadelphia, PA 19104.

16. On or about August 23, 2021, Plaintiff suffered a work-related injury (culminating in a workers' compensation claim).

17. In general, Plaintiff suffered a serious injury to her arm. This injury is long term, permanent and has limited Plaintiff's arm usage for more than one (1) year.

18. Plaintiff has received therapy, adjusted through various medications, and other ongoing treatment.

19. Plaintiff has mobility limitations in her arm, wrist, and hand, continual weakness, and the disabling injury prevents her from performing many life-related tasks associated with the original injury and complications.

20. Plaintiff's aforesaid medical conditions, at times, limit her ability to perform some daily life activities, including but not limited to performing manual tasks and working.

21. Despite Plaintiff's disabilities (discussed *supra*), she was still able to perform the essential functions of her job with Defendants, however, Plaintiff did require reasonable medical accommodations at times, including but not limited to being permitted to work light-duty or modified duty.

22. Plaintiff had been receiving ongoing medical treatment, even through Defendants' own physicians and health system.

23. As a result of Plaintiff disability as summarized above, Plaintiff did not generally miss work or take a medical leave. Instead, physicians (including those employed by Defendants' own health system) provided Plaintiff with numerous medical restrictions.

24. There was always so much work available at Defendants that there was no difficulty whatsoever in permitting Plaintiff to work light-duty or modified duty. In fact, Plaintiff

worked light duty from in or about August of 2021 through late May of 2022. Plaintiff simply performed alternative roles and cleaning.

25. On or about May 25, 2022, Plaintiff tried to resume full duty for about one (1) week. Unfortunately, the use of large, vibrating or heavy equipment was too painful for Plaintiff's arm.

26. Effective on or about June 1, 2022, Plaintiff's physicians directed her to resume light-duty work, which should not have been an issue, given that Defendants had plenty of other types of work related to housekeeping and cleaning that were well within Plaintiff's medical restrictions.

27. Plaintiff's last physical day of work was on or about July 27, 2022. Thereafter, Plaintiff had utilized vacation which was approved through early August of 2022.

28. In mid-August of 2022, Plaintiff contracted COVID-19 which caused her return from vacation to be slightly delayed. Plaintiff provided Fox with: information that Plaintiff had COVID-19; her test results; and medical support for Plaintiff's return to work several days later.

29. Instead of being able to resume work as Plaintiff had fully anticipated post-vacation and post-COVID-19 clearance, Plaintiff was instead abruptly terminated without advanced notice or warning.

30. Defendants' management initially told Plaintiff that she was allegedly terminated for supposedly abandoning her job, no-call, no-showing, or improper communication regarding her whereabouts during her COVID-related absences.

31. However, Plaintiff detailed for management that: (a) her fiancé updated Defendants' management; (b) in addition to Plaintiff's fiancé, Plaintiff personally updated Defendants' management; (c) Plaintiff provided actual medical documentation to Fox; (d)

Plaintiff sent text messages to and communicated with Fox; and (e) it was known to Defendants exactly when Plaintiff would return to work and why she had missed the several additional days due to COVID.

32. Defendants' contorted rationales for Plaintiff's termination made no sense whatsoever, and thus Defendants thereafter admitted the truth – *and point-blank admitted to subjecting Plaintiff to discrimination.*

33. In the presence of union representation, Defendants' high-level management told Plaintiff in no uncertain terms that she was terminated because she had utilized workers' compensation for one full year.

34. Defendants' management explained that Plaintiff's termination was automatic for being on workers' compensation for such a long time period, as if there is an automatic termination as a result of utilizing workers' compensation in excess of 12 months.

35. Plaintiff protested this absurdity and explained to Defendants that she was not someone who was even out of work for a year (let alone days or months), but was in fact working full-time despite being on workers' compensation to treat for her injuries.

36. Plaintiff's protests were of no avail, and her termination was confirmed by management by August 22, 2022.

37. Plaintiff's use of workers' compensation was: (a) for a disability; (b) a timeframe of accommodation of modified duty, medical restrictions and performing alternative work (which remained available); and (c) Defendants' claim of an automatic termination for needing an accommodation for one-year or longer is absolutely a discriminatory practice *and constitutes direct retaliation for needing medical accommodation(s).*

6

38. Plaintiff was terminated discriminatorily and based upon perceptions of her health; and for needing light/modified duty as a medical accommodation. Plaintiff's claim for workers' compensation was also a determinative factor in Plaintiff's termination (which constituted a public policy violation to terminate him in the Commonwealth of Pennsylvania).

39. Plaintiff believes and therefore avers that she was terminated in violation of the ADA and Pennsylvania common law.

**Count I**
**Violations of the Americans with Disabilities Act, as amended ("ADA")**
([1] Actual/Perceived/Record of Disability Discrimination;
[2] Retaliation and [3] Failure to Accommodate)

40. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

41. Plaintiff suffered from qualifying health conditions under the ADA (as amended), which (at times) affected her ability to perform some daily life activities – discussed *supra*.

42. Plaintiff requested reasonable accommodations from Defendants, including but not limited to being permitted to work light and/or modified duty.

43. On or about August 22, 2022, Plaintiff was terminated from her employment with Defendants for the pretextual reasons outlined above.

44. It is believed and therefore averred that Plaintiff was ultimately terminated from Defendants because of: (1) her known and/or perceived disabilities; (2) her record of impairment; and/or (3) because she requested accommodations.

45. Plaintiff also believes and therefore avers that Defendants refused to accommodate her disabilities.

46. These actions as aforesaid constitute violations of the ADA, as amended.

## Count II
## Common-Law Wrongful Discharge
### (Public Policy Violation)

47. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

48. Upon information and belief, Plaintiff was terminated in substantial part for making a claim for workers' compensation benefits and/or seeking workers' compensation benefits and/or for her work-related injuries (as discussed *supra*).

49. It is against Pennsylvania's public policy for an employee to be terminated for making a workers' compensation claim and/or seeking workers' compensation benefits. These actions as aforesaid constitute wrongful termination in Pennsylvania. *See Shick v. Shirey,* 552 Pa. 590, 716 A.2d 1231 (1997); *Rothrock v. Rothrock Motor Sales, Inc.*, 584 Pa. 297, 883 A.2d 511, 516 (2005).

50. The temporal proximity between Plaintiff's utilization of workers' compensation and her termination creates an inference that her termination was in retaliation for making such a claim.

51. These actions as aforesaid constitute wrongful termination in Pennsylvania.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendants are to promulgate and adhere to a policy prohibiting discrimination in the future against any employee(s);

B. Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, and benefits.

C. Plaintiff is to be awarded actual damages, as well as emotional distress damages for the pain, suffering, and humiliation caused by Defendants' actions;

D. Plaintiff is to be awarded punitive damages, as permitted by applicable law(s) alleged asserted herein, in an amount believed by the Court or trier of fact to be appropriate;

E. Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate;

F. Plaintiff is to be awarded the costs and expenses of this action and a reasonable attorneys' fees as provided by applicable federal and state law; and

G. Plaintiff is to be given a jury trial as demanded in the caption of this Complaint.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

Ari R. Karpf, Esquire
3331 Street Road
Two Greenwood Square, Suite 128
Bensalem, PA 19020
(215) 639-0801
akarpf@karpf-law.com
*Attorneys for Plaintiff*

Date: January 4, 2023

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

Quiana Mouzone : CIVIL ACTION
v. :
: NO.
University of Pennsylvania Health System, et al. :

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (X)

| 1/4/2023 | _signature_ | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 1001 W. Girard Avenue, Apt. 306J, Philadelphia, PA 19123

Address of Defendant: 3451 Walnut Street, Philadelphia, PA 19104

Place of Accident, Incident or Transaction: Defendants place of business

---

**RELATED CASE, IF ANY:**

Case Number: _____    Judge: _____    Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes [ ]    No [X]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes [ ]    No [X]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?    Yes [ ]    No [X]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes [ ]    No [X]

I certify that, to my knowledge, the within case [ ] is / [X] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 1/4/2023    _____(signature)_____    ARK2484 / 91538
                   *Attorney-at-Law / Pro Se Plaintiff*           *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

A. *Federal Question Cases:*
1. [ ] Indemnity Contract, Marine Contract, and All Other Contracts
2. [ ] FELA
3. [ ] Jones Act-Personal Injury
4. [ ] Antitrust
5. [ ] Patent
6. [ ] Labor-Management Relations
7. [X] Civil Rights
8. [ ] Habeas Corpus
9. [ ] Securities Act(s) Cases
10. [ ] Social Security Review Cases
11. [ ] All other Federal Question Cases
   *(Please specify): _____*

B. *Diversity Jurisdiction Cases:*
1. [ ] Insurance Contract and Other Contracts
2. [ ] Airplane Personal Injury
3. [ ] Assault, Defamation
4. [ ] Marine Personal Injury
5. [ ] Motor Vehicle Personal Injury
6. [ ] Other Personal Injury *(Please specify): _____*
7. [ ] Products Liability
8. [ ] Products Liability – Asbestos
9. [ ] All other Diversity Cases
   *(Please specify): _____*

---

### ARBITRATION CERTIFICATION
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Ari R. Karpf, counsel of record *or* pro se plaintiff, do hereby certify:

[X] Pursuant to Local Civil Rule 53.2, § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE: 1/4/2023    _____(signature)_____    ARK2484 / 91538
                   *Attorney-at-Law / Pro Se Plaintiff*           *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
MOUZONE, QUIANA

**DEFENDANTS**
UNIVERSITY OF PENNSYLVANIA HEALTH SYSTEM, ET AL.

**(b)** County of Residence of First Listed Plaintiff: Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- 1 U.S. Government Plaintiff
- **X** 3 Federal Question *(U.S. Government Not a Party)*
- 2 U.S. Government Defendant
- 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated or Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- 110 Insurance
- 120 Marine
- 130 Miller Act
- 140 Negotiable Instrument
- 150 Recovery of Overpayment & Enforcement of Judgment
- 151 Medicare Act
- 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- 153 Recovery of Overpayment of Veteran's Benefits
- 160 Stockholders' Suits
- 190 Other Contract
- 195 Contract Product Liability
- 196 Franchise

**TORTS – PERSONAL INJURY**
- 310 Airplane
- 315 Airplane Product Liability
- 320 Assault, Libel & Slander
- 330 Federal Employers' Liability
- 340 Marine
- 345 Marine Product Liability
- 350 Motor Vehicle
- 355 Motor Vehicle Product Liability
- 360 Other Personal Injury
- 362 Personal Injury - Medical Malpractice

**TORTS – PERSONAL INJURY**
- 365 Personal Injury - Product Liability
- 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- 370 Other Fraud
- 371 Truth in Lending
- 380 Other Personal Property Damage
- 385 Property Damage Product Liability

**REAL PROPERTY**
- 210 Land Condemnation
- 220 Foreclosure
- 230 Rent Lease & Ejectment
- 240 Torts to Land
- 245 Tort Product Liability
- 290 All Other Real Property

**CIVIL RIGHTS**
- 440 Other Civil Rights
- 441 Voting
- 442 Employment
- 443 Housing/ Accommodations
- **X** 445 Amer. w/Disabilities - Employment
- 446 Amer. w/Disabilities - Other
- 448 Education

**PRISONER PETITIONS**
Habeas Corpus:
- 463 Alien Detainee
- 510 Motions to Vacate Sentence
- 530 General
- 535 Death Penalty

Other:
- 540 Mandamus & Other
- 550 Civil Rights
- 555 Prison Condition
- 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- 625 Drug Related Seizure of Property 21 USC 881
- 690 Other

**LABOR**
- 710 Fair Labor Standards Act
- 720 Labor/Management Relations
- 740 Railway Labor Act
- 751 Family and Medical Leave Act
- 790 Other Labor Litigation
- 791 Employee Retirement Income Security Act

**IMMIGRATION**
- 462 Naturalization Application
- 465 Other Immigration Actions

**BANKRUPTCY**
- 422 Appeal 28 USC 158
- 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- 820 Copyrights
- 830 Patent
- 835 Patent - Abbreviated New Drug Application
- 840 Trademark

**SOCIAL SECURITY**
- 861 HIA (1395ff)
- 862 Black Lung (923)
- 863 DIWC/DIWW (405(g))
- 864 SSID Title XVI
- 865 RSI (405(g))

**FEDERAL TAX SUITS**
- 870 Taxes (U.S. Plaintiff or Defendant)
- 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- 375 False Claims Act
- 376 Qui Tam (31 USC 3729(a))
- 400 State Reapportionment
- 410 Antitrust
- 430 Banks and Banking
- 450 Commerce
- 460 Deportation
- 470 Racketeer Influenced and Corrupt Organizations
- 480 Consumer Credit
- 490 Cable/Sat TV
- 850 Securities/Commodities/ Exchange
- 890 Other Statutory Actions
- 891 Agricultural Acts
- 893 Environmental Matters
- 895 Freedom of Information Act
- 896 Arbitration
- 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- **X** 1 Original Proceeding
- 2 Removed from State Court
- 3 Remanded from Appellate Court
- 4 Reinstated or Reopened
- 5 Transferred from Another District *(specify)*
- 6 Multidistrict Litigation - Transfer
- 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADA (42USC12101)

Brief description of cause:
Violations of the ADA, Pennsylvania common law (worker's compensation retaliation) and the PFPO.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: **X** Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: 1/4/2023
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT #  AMOUNT  APPLYING IFP  JUDGE  MAG. JUDGE

[Print]  [Save As...]  [Reset]